IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DEIVIS HERNANDEZ GUEDES                              PETITIONER

V.                                          Cause No. 5:26-cv-00078-DCB-BWR

MERRICK B. GARLAND et al.                           RESPONDENTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the 28 U.S.C. § 2241 Petition [1] filed pro se by Deivis Hernandez Guedes. The Petition should be dismissed due to Petitioner's failure to prosecute and obey three Court Orders [4] [5] [8].

## I. BACKGROUND

Petitioner is a native of Cuba. Pet. [1] at 1. He entered the United States on April 17, 2021. *Id.* U.S. Immigration and Customs Enforcement (ICE) detained Petitioner on December 9, 2025. *Id.* The Clerk of Court received and filed Petitioner's § 2241 Petition on February 10, 2026 (signed by Petitioner on January 9, 2026). *Id.* at 3. The Petition seeks Petitioner's immediate release from ICE custody. *Id.* At the time he filed the Petition, Petitioner was housed at the Adams County Detention Center in Natchez, Mississippi. *Id.* at 1.

On March 11, 2026, the Court entered an Order [4] directing Petitioner, on or before April 10, 2026, to file a Petition that complies with Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts* by completing, signing, and filing the attached form "Petition For A Writ of Habeas Corpus Under 28 U.S.C. § 2241" to continue with this case or file a Notice of Voluntary Dismissal if

he does not wish to pursue this case. Order [4] at 1. On the same day, the Court also ordered Petitioner, by April 10, to pay the $5.00 filing fee or move for leave to proceed in forma pauperis ("IFP"). Order [5]. Both Orders [4] [5] were mailed to Petitioner at his address of record at Adams County Correctional Center. On April 16, 2026, both Orders were returned as undeliverable with a box checked indicating that Petitioner has been released. Mail Return [6]. An Order denying Petitioner's Motion for Immediate Release [2] was also mailed to Petitioner at Adams County Correctional Center and returned as undeliverable on April 16, 2026. Mail Return [7].

When Petitioner missed his April 10, 2026 deadline, an Order to Show Cause issued setting a deadline of May 5, 2026 for Petitioner to file a written response showing cause why this case should not be dismissed for his failure to comply with two Court Orders [4] [5] and again ordering Petitioner to comply with those Orders . Order [8] at 1. Petitioner was warned that failure to timely comply would be deemed a purposeful delay and contumacious act that "will result in this cause being dismissed without further notice to Petitioner. *Id.* at 2. The Order [8] was mailed to Petitioner to his address of record at Adams County Correctional Center.

Petitioner did not comply with his May 5, 2026 either, meaning he has now not complied with three Court Orders [4] [5] [8]. According to ICE's Online Detainee Locator System, Petitioner is no longer in ICE custody. *See* https://locator.ice.gov (last visited May 11, 2026).

The Petition should be dismissed without prejudice under Federal Rule of Civil

Procedure 41(b) and under the Court's inherent authority to dismiss an action *sua sponte*, *Link v. Wabash R.R.,* 370 U.S. 626, 629-30 (1962), due to Petitioner's failure to prosecute and obey three Court Orders [4] [5] [8].

## II. RECOMMENDATION

It is recommended that the Petition [1] be dismissed without prejudice due to Petitioner's failure to prosecute and obey three Court Orders [4] [5] [8].

## III. NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs.*

3

*Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

**SIGNED,** this the 11th day of May 2026.

*s/ Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE